## EVELYN COOKE ROE *v.* JOHN STRAYER McGREW.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 2, 1906.                    DECIDED JULY 5, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

TORT—*nonsuit.*

> In an action of tort for shooting at plaintiff with a pistol if the evidence on behalf of plaintiff justifies an inference that she suffered damage as a necessary consequence of the tort, a nonsuit should not be granted.

ID.—*exceptions.*

> On motion of plaintiff an order of nonsuit, to which no exception was taken, may be set aside at the same term of court.

### OPINION OF THE COURT BY WILDER, J.

This is an action in tort claiming damages for an assault. At the close of plaintiff's case defendant moved for a nonsuit, which was granted. No exception was taken by plaintiff to this ruling. Subsequently, and at the same term of court, on motion of plaintiff, the trial court vacated and set aside the order of nonsuit. From this last ruling defendant comes to this court on exceptions, which were allowed by the trial judge in order to speed the determination of the case.

Defendant claims error because (1) no exception was taken to the order granting the motion for nonsuit, and (2) the nonsuit was proper.

The first ground is untenable, because an exception is taken for the purpose of a review by an appellate court and is not necessary for a review by the trial court.

The second ground depends upon whether there was sufficient evidence to go to the jury. The testimony on behalf of the plaintiff showed in substance that on April 12, 1905, while she and her husband were rowing in a boat in Pearl Harbor,

about fifty feet away from defendant's pier, defendant ordered them to go away, swore at them, threatened to shoot them with a pistol which he was flourishing, and finally shot at them, the bullet passing by them; that they then went home, which was a mile or so from the place of the shooting; that plaintiff became sick in body and mind; that Dr. Wood treated plaintiff professionally on April 17, 1905, and a few times after that, stating that plaintiff was suffering from nervousness and morning sickness caused by pregnancy and she also had a pain in her knees.

Defendant claimed that as no actual damage was shown exemplary damages could not be awarded, and also that there was no showing that any damage was the clear and necessary consequence of the tort alleged. The evidence would have properly justified an inference that damage resulted from the assault and consquently it should have been left to the jury. The contention of defendant is practically this, that because the bullet did not hit plaintiff she suffered nothing. With this contention we cannot agree.

The exceptions are overruled.

*Castle & Withington* for plaintiff.

*Thompson & Clemons* for defendant.